# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THE GREEN PET SHOP ENTERPRISES, LLC, | Civil Action No. 17-6179 (SRC) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| TELEBRANDS CORP., | |
| Defendant. | |

**CHESLER, U.S.D.J.**

This matter comes before this Court on the motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendant Telebrands Corp. ("Telebrands"). Telebrands filed the motion to dismiss the Complaint on October 10, 2017. On October 23, 2017, Plaintiff, The Green Pet Shop Enterprises, LLC ("GPS"), filed the Amended Complaint. On October 25, 2017, when no opposition to the motion had been filed, this Court filed a letter Order which reset the briefing schedule, to allow more time for opposition to be filed. On November 1, 2017, GPS filed a letter stating that, "[i]n light of the filing of plaintiff's first amended complaint, defendant's motion to dismiss is moot." In response, this Court Ordered that the pending motion to dismiss was not moot, inasmuch as review of the Amended Complaint showed no substantial change with regard to the issues raised in the pending motion to dismiss, stating: "To the extent that the issues raised in the motion to dismiss are applicable to the Amended Complaint, the motion to dismiss is not moot but is, instead, active and pending." (Order of November 15, 2017 at 1.) The parties then completed the briefing. This Court applies the arguments raised in the motion to dismiss the Complaint, where appropriate, to the Amended

Complaint.

Defendant moved to dismiss the Complaint on the ground that it fails to allege sufficient facts to make plausible any claim for patent infringement, given the pleading standard in Iqbal and Twombly. In opposition, Plaintiff states that the issues raised in the moving brief apply to the Amended Complaint, and contends that the Amended Complaint meets the relevant pleading standard. Then, in reply, Defendant concedes that, as to the claims for direct infringement only, the Amended Complaint remedies the pleading deficiencies asserted. (Def.'s Reply Br. at 1 n.1.) Defendant contends that this leaves the claims for contributory infringement and induced infringement at issue. Plaintiff's opposition brief, however, states: "[a]s the amended complaint removed a claim of contributory infringement, that issue is now moot." (Pl.'s Opp. Br. 3.) Plaintiff's opposition brief does not otherwise address the contributory infringement claims. The Court notes that, in fact, the Amended Complaint continues to assert a claim for contributory infringement in paragraphs 27 and 36. Because Plaintiff has affirmatively stated that it removed the contributory infringement claim and that that issue is moot, this Court finds that Plaintiff has abandoned its claims of contributory infringement. To the extent that the Amended Complaint contains any claim for contributory patent infringement, such claims will be dismissed with prejudice.

This leaves the claims for induced infringement and willful infringement at issue. The Amended Complaint alleges that, on May 17, 2017, counsel for Plaintiff sent Telebrands a cease-and-desist letter which specifically described the basis for its contention of patent infringement. (Am. Compl. ¶¶ 17, 18.) The Amended Complaint also alleges that, after receiving the letter, Telebrands continued to offer the accused product for sale. (Am. Compl. ¶ 19.)

Telebrands moves to dismiss the induced infringement claims on the ground that the

2

Amended Complaint "lacks factual allegations that would plausibly establish the knowledge and specific intent required for inducement." (Def.'s Br. 15.) Telebrands contends that the Amended Complaint's "conclusory statements are entirely bereft of any factual allegations supporting Green Pet's bare assertions that Telebrands knew that third parties were infringing the patents-in-suit or that Telebrands acted with the requisite specific intent." (Def.'s Br. 16.) This Court disagrees.

The Amended Complaint alleges that, on May 17, 2017, Plaintiff sent Defendant a cease-and-desist letter that notified Telebrands in detail of the basis for its accusations of patent infringement. This is sufficient to make plausible the inference that, as of about May of 2017, Telebrands knew about the patents-in-suit and knew that Plaintiff contended that Telebrands' Polar Pooch Self Cooling Mat infringed specific claims in these patents. The Amended Complaint also alleges that Telebrands continued to offer to sell the Polar Pooch Self Cooling Mat to customers. On a motion to dismiss, the well-pleaded factual allegations in the complaint are accepted as true. Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010). This Court therefore, for the purpose of this motion, accepts as true the allegation that the Polar Pooch Self Cooling Mat infringes the patents at issue. Under 35 U.S.C. § 271(a), "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." Thus, pursuant to § 271(a), a person who uses a patented invention without authorization infringes the patent. It is plausible to infer that customers who purchased the accused product from Telebrands then used it without authorization from the owners of the patents-in-suit, thus infringing those patents. It is also plausible to infer that Telebrands knew that the customers to whom it sold the accused product were very likely to use their purchase and

3

thereby infringe.  The Amended Complaint alleges sufficient facts to support the inference that Telebrands knew that third parties (its customers) were infringing the patents-in-suit.  This Court concludes that these facts also make plausible the inference that Telebrands had the specific intent to induce infringement.  The Amended Complaint pleads sufficient facts to state valid claims of induced infringement.

Telebrands also contends that the Amended Complaint fails to state any valid claims for willful infringement because it fails to plead facts which make plausible an inference of subjective willfulness of any infringer.  This is meritless: the receipt of a detailed cease-and-desist letter, followed by continued infringement, makes plausible an inference of subjective willfulness.  The Amended Complaint pleads sufficient facts to state valid claims of willful infringement.

For these reasons,

**IT IS** on this 24th day of January, 2018 hereby

**ORDERED** that Defendant's motion to dismiss the Amended Complaint for failure to state a valid claim for relief (Docket Entry No. 9) is **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED** that, as to the claims for contributory infringement, the motion to dismiss is **GRANTED**, and the claims for contributory infringement in the Amended Complaint are hereby **DISMISSED** with prejudice; and it is further

**ORDERED** that, as to all other claims, the motion to dismiss is **DENIED**.

                                                s/ Stanley R. Chesler
                                             STANLEY R. CHESLER, U.S.D.J.